UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHANGELO SCRUGGS | : |
| Plaintiff, | : |
| v. | : Case No.: 1:07-cv-02255 JDB |
| GETINGE USA, INC. | : |
| Defendant. | : |

## ANSWER OF DEFENDANT GETINGE USA, INC.

Defendant, Getinge USA, Inc., by and through its undersigned counsel, D. Stephenson Schwinn and JORDAN COYNE & SAVITS, L.L.P., hereby states the following in answer to the Complaint.

### First Defense

The complaint fails to state a claim upon which relief may be granted to the Plaintiff.

### Second Defense

1.    Defendant admits that it is a Delaware corporation having a principal place of business in New York. Defendant admits the complaint alleges facts sufficient to support subject matter jurisdiction. Defendant admits venue is appropriate

2.    Defendant admits that it is the successor in interest to MDT Corporation, a corporation which manufactured operating room lamps, including the operating room lamp in question. Defendant admits that defendant conducts business in Washington, D.C., and denies the remaining allegations set forth in paragraph 2 of the Complaint.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and demands strict proof thereof.

4.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and demands strict proof thereof.

5.    Paragraph 5 of the Complaint sets forth a legal contention that requires no averment from this defendant. Defendant denies any factual allegations that may be asserted therein.

6.    Paragraph 6 of the Complaint sets forth a legal contention that requires no averment from this defendant. Defendant denies any factual allegations that may be asserted therein.

7.    Paragraph 7 of the Complaint sets forth a legal contention that requires no averment from this defendant. Defendant denies any factual allegations that may be asserted therein, and specifically denies all allegations of defective design.

8-10.    Defendant is without information sufficient to admit or deny the truth of any factual allegations contained in paragraphs 8 through 10 and demands strict proof thereof.

11.    Defendant admits its predecessor in interest, MDT Corporation, sold the operating room lamp at issue.

12.    Defendant is without knowledge or information sufficient to form a belief as to any factual allegations set forth in paragraph 12 of the Complaint and demands strict proof thereof. Defendant specifically denies all allegations of defective design, negligence, and causation.

13-14.    Defendant denies the allegations set forth in paragraph 13 and 14 of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, denies them, and demands strict proof thereof.

16. Paragraph 16 of the Complaint sets forth a legal contention that requires no averment from this defendant. Defendant denies any factual allegations that may be asserted therein.

17. Paragraph 17 of the Complaint sets forth a legal contention that requires no averment from this defendant. Defendant denies any factual allegations that may be asserted therein.

18. Paragraph 18 of the Complaint sets forth a legal contention that requires no averment from this defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of any allegations contained in paragraph 18, and demands strict proof thereof.

19. Defendant denies all allegations of the complaint that are not expressly admitted herein.

### Third Defense

Defendant denies all liability to plaintiff in strict liability and tort.

### Fourth Defense

Defendant avers that plaintiff's claims are barred by the Statute of Repose.

### Fifth Defense

Plaintiff's claims are or may be barred by the applicable doctrines of contributory negligence and/or assumption of the risk.

### Sixth Defense

Defendant avers that the injuries, losses, and damages, if any, suffered by the plaintiff is the result of the intentional or negligent acts of independent third-parties over whom this defendant had no control.

### Seventh Defense

Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of election of remedies, assignment and/or the relevant provisions of the District of Columbia Workers' Compensation Act.

### Eighth Defense

Plaintiff's claims are or may be barred by the applicable statute of limitations and the doctrines of latches, estoppel and waiver.

### Ninth Defense

Plaintiff's claims are or may be barred by their failure to mitigate damages.

### Tenth Defense

The Complaint should be dismissed for failure to join all necessary parties.

### Eleventh Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of intervening and/or superseding cause.

### Twelfth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of sophisticated user.

**Thirteenth Defense**

Plaintiff's claims are barred, in whole or in part, by decedent's failure to follow directions, safe practices and procedures, proper installation procedures, and safety regulations.

**Fourteenth Defense**

Plaintiff's claims are barred, in whole or in part, by unforeseen product misuse and/or improper use of equipment and materials.

**WHEREFORE,** having fully answered the Complaint, this Defendant prays that the Plaintiff take nothing and that said Complaint be dismissed with prejudice, with costs, and other such relief as may be appropriately awarded to the Defendant.

**JURY DEMAND**

Defendant respectfully requests a trial by jury as to all issues of fact.

_____/s/_____
D. Stephenson Schwinn

Respectfully submitted,

**JORDAN COYNE & SAVITS, L.L.P.**

By: _____/s/_____
    D. Stephenson Schwinn, #358835
    1100 Connecticut Avenue, NW
    Suite 600
    Washington, DC 20036
    (202)296-4747
    Fax: (202)496-2800

Counsel for Defendant, Getinge USA, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing Answer of Defendant, Getinge USA, Inc., was mailed, first class and postage prepaid this 9th day of January, 2008, to:

> Joseph Cammarata, Esquire
> Chaikin, Sherman, Cammarata, & Siegel
> The Law Building
> 1232 17th Street, N.W.
> Washington, D.C. 20036

/s/
D. Stephenson Schwinn