THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHANGELO SCRUGGS | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No.1:07-cv-2255 |
| | : Judge John D. Bates |
| GETINGE USA, INC. | : |
| | : |
| Defendant. | : |
| | : |

**PLAINTIFF'S OPPOSITION, IN PART, TO
DEFENDANT'S MOTION TO EXTEND DEADLINE FOR
FILING EXPERT WITNESS DESIGNATION STATEMENT**

Plaintiff, Michangelo Scruggs, by and through his attorneys, Joseph Cammarata, Kiran Sharma, and the law firm of Chaikin, Sherman, Cammarata & Siegel, P.C., hereby opposes Defendant's Motion to Extend Deadline for Filing Expert Witness Designation Statement (hereinafter "Motion"), and in support thereof states as follows:

1. The deadline for Defendant's Rule 26(a)(2) disclosure statement was August 14, 2008. Defendant provided itself with an automatic extension of its expert disclosure deadline based on its filing of a Motion to Extend Deadline on August 14, 2008.

2. Defendant's filing of its Expert Witness Designation Statement today may appear to render its Motion to Extend Time as moot. However, the issue is not moot as Defendant's Expert Witness Designation Statement is not complete and not in

compliance with the requirements as set forth in 26(a)(2). As the Court is well aware, Rule 26(a)(2) expressly states, in part, that unless otherwise ordered by the Court, the disclosure <u>must</u> be accompanied by a written report. In addition, the Rules require that the report <u>must</u> contain, in relevant part, the list of all cases in which, during the previous four years, the witness testified as an expert, and a statement of the compensation to be paid.

3.   With regard to Defendant's safety engineering expert, William H. Daley, Defendant states that a report will be provided to the Court and counsel immediately upon receipt. <u>See</u> Def. Pre. Expert Witness Designation Stmt., p. 2, §3. With regard to Dr. Louis E. Levitt, Defendant states that the "list of cases" will be provided upon receipt. <u>Id</u>. at p. 3, §6. With regard to Dr. Paul Fedio, a statement of compensation is neither included, nor referenced, in Defendant's designation.[1]

4.   The only issue is whether Defendant should be permitted an extension of time to provide the report and opinions of its expert, William H. Daley. Plaintiff opposes such an extension as Defendant has failed to establish "good

---

[1] Plaintiff voluntarily submitted to a neuropsychological examination by Defendant's expert, Dr. Paul Fedio, on August 14, 2008. On August 13, 2008, at Defendant's request, Plaintiff agreed to allow Defendant an extension to provide Dr. Fedio's report.

2

cause" as required by Rule 16(b)(4). Moreover, Defendant has not indicated as to when such a report will be provided.

    5.   Defendant's assertion that delays have "plagued" its experts and therefore requires additional time is not supported by the record. See Memo. of Points and Auth., p. 3 of 3, ¶2. This case arises out of an incident that occurred on August 29, 2006, when Plaintiff, while working as a podiatrist at Howard University, was struck in the head when an operating room lamp fell out of the ceiling and onto his head. On the day of the incident, Defendant's own employees and representatives inspected the operating room light at issue. Ex. A, Depo. Transcript of Clauss, April 17, 2008, p. 46, lns. 11-20; Ex. B, Depo. Transcript of Maggi, April 17, 2008, p. 12, lns. 13-21. Moreover, on September 7, 2006, Defendant prepared a report, which included its investigation results and activities regarding the underlying incident. The report was provided as part of Defendant's Rule 26(a)(1) disclosures. Additionally, Elbert Adams (Defendant's former employee) was responsible, in part, for maintenance of the operating lamp at issue and was deposed on April 17, 2008.

    6.   Moreover, Plaintiff served his 26(a)(2) statement on June 10, 2008, which set forth, in relevant part, the report prepared by Plaintiff's mechanical/industrial engineering expert detailing the Defendant's deficiencies regarding the

installation and maintenance of the operating room lamp at issue.

7.  Notably, Defendant's Motion is silent as to how "delays" have "plagued" Mr. William Daley's inability to provide a report.[2]  Ultimately, Defendant has neither established good cause, nor provided any factual support, for its request to extend its expert disclosure deadline with respect to its expert, William H. Daley.  Accordingly, Defendant's request for an extension of time, with respect to a report prepared by William H. Daley, should be denied.

Wherefore, Plaintiff respectfully requests that the Court issue an Order denying Defendant's Motion to Extend Deadline for Filing Expert Witness Designation Statement with regard to William H. Daley, and to allow Plaintiff an extension to identify its rebuttal witnesses by September 2, 2008.

---

[2] Remarkably, although Defendant stated that delays have plagued all of its experts, on August 15, 2008, one day after its deadline to submit its Expert Witness Designation Statement, Defendant provided reports of certain experts to Plaintiff.  The reports were prepared before the August 14, 2008 deadline.  For instance, Defendant provided a report by Dr. Louis E. Levitt, orthopaedist, dated March 4, 2008; reports prepared by Dr. Ignacio R. Rodriguez, neurologist, dated September 12, 2007 and May 14, 2008; and a report prepared by Joseph Rose, its vocational expert, dated August 11, 2008.  Moreover, the report prepared by Jerome S. Paige, Ph.D, Defendant's forensic economist, attached to Defendant's Expert Witness Designation Statement, was dated August 14, 2008.

Respectfully submitted,

**CHAIKIN, SHERMAN, CAMMARATA & SIEGEL P.C.**

/s/ *Joseph Cammarata*
Joseph Cammarata, Esquire
D.C. Bar No. 389254
Kiran Sharma, Esquire
D.C. Bar No. 495077
The Law Building
1232 17th Street, N.W.
Washington, D.C. 20036
Tel: 202-659-8600
Fax: 202-659-8680
joe@dc-law.net
Sharma@dc-law.net
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Plaintiff's Opposition, in part, to Defendant's Motion to Extend Deadline for Filing Expert Witness Designation Statement was e-filed and e-served, this 20th day of August, 2008, to:

    D. Stephen Schwinn, Esquire
    JORDAN, COYNE & SAVITS, LLP
    1100 Connecticut Avenue, N.W.
    Suite 600
    Washington, D.C.  20036

                                        /s/ *Joseph Cammarata*
                                        Joseph Cammarata

Capital Reporting Company

Page 1

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

-----------------------------------x

MICHANGELO SCRUGGS,

    Plaintiff,

v.                                              Case No.:

GETINGE USA, INC.,                              1:07-CV-02255

    Defendant,

-----------------------------------x

            Washington, D.C.

           Thursday, April 17, 2008

Deposition of:

              DAVID CLAUSS

  called for examination by counsel for Plaintiff,

pursuant to notice, at Chaikin, Sherman, Cammarata &

Siegel, The Law Building, 1232 17th Street, N.W.,

Washington, D.C., 20036, before Patricia A. Edwards of

Capital Reporting, a Notary Public in and for the

District of Columbia, and, beginning at 11:25 a.m.,

when were present on behalf of the respective parties:

EXHIBIT A

Capital Reporting Company

Page 2

1        A P P E A R A N C E S

2

3    On behalf of the Plaintiff:

4    JOSEPH CAMMARATA, ESQUIRE

5    KIRAN SHARMA, ESQUIRE

6    Chaikin, Sherman, Cammarata & Siegel

7    The Law Building

8    1232 17th Street, N.W.

9    Washington, D.C.  20036

10

11

12   On behalf of Defendant:

13   D. STEPHENSON SCHWINN, ESQUIRE

14   SARA A. ALLENSON, ESQUIRE

15   Jordan Coyne & Savits, LLP

16   1100 Connecticut Avenue, N.W.

17   Washington, D.C.  20036

18   (202) 496-2836

19

20

21

22

Page 4

1                P R O C E E D I N G S
2            WHEREUPON,
3                   DAVID CLAUSS
4      called as a witness, having been duly sworn, was
5      examined and testified as follows:
6          EXAMINATION BY COUNSEL FOR PLAINTIFF
7      BY MR. CAMMARATA:
8          Q      Please tell me your name, sir?
9          A      David Clauss.
10         Q      What is your home and business address, sir?
11         A      My home address is 846 North President
12     Avenue, Lancaster, Pennsylvania, 17603.  That's also my
13     business address.
14         Q      By whom are you employed?
15         A      Getinge USA.
16         Q      In what capacity, sir?
17         A      A service manager.  Branch service manager.
18         Q      What is a branch service manager's duties?
19         A      To oversee the execution of services to
20     customers within a given geographic area.
21         Q      How long have you held the position of
22     branch service manager?

Page 46

1  itself and fall out of its mount or fall out of the
2  ceiling; isn't that true?
3       A     The end result, that's correct.
4       Q     Okay.  And so as far as Getinge was
5  concerned, in order to properly install this product on
6  a ceiling -- meaning we're talking about the surgical
7  light at issue, the 2032.  One needed to put a
8  retaining pin into the suspension arm and into the
9  extension arm post; isn't that correct?
10      A     That is correct.
11      Q     And when you -- now you personally -- went
12 out there and examined the light on August 29th, you
13 saw no roll pin and only one hole, the hole that was in
14 the manufactured product of the suspension arm; isn't
15 that correct?
16      A     That is correct.
17      Q     So looking at it, you said, oh, or words to
18 that effect, here's why the thing backed itself out, it
19 didn't have the roll pin; is that right?
20      A     It was never put in.
21      Q     Now, with that roll pin in, does that
22 prevent the light from unscrewing itself and pulling

**Capital Reporting Company**

Page 1

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

------------------------------------x

MICHANGELO SCRUGGS,

      Plaintiff,

v.                              Case No.:

GETINGE USA, INC.,         1:07-cv-02255

      Defendant,

------------------------------------x

ORIGINAL

        Washington, D.C.

      Thursday, April 17, 2008

Deposition of:

        DAVID WALTER MAGGI

called for examination by counsel for Plaintiff, pursuant to notice, at Chaikin, Sherman, Cammarata & Siegel, The Law Building, 1232 17th Street, N.W., Washington, D.C., 20036, before Patricia A. Edwards of Capital Reporting, a Notary Public in and for the District of Columbia, and, beginning at 3:35 p.m., when were present on behalf of the respective parties:

EXHIBIT B

**Capital Reporting Company**

Page 2

1          A P P E A R A N C E S

2

3    On behalf of the Plaintiff:

4    JOSEPH CAMMARATA, ESQUIRE

5    KIRAN SHARMA, ESQUIRE

6    Chaikin, Sherman, Cammarata & Siegel

7    The Law Building

8    1232 17th Street, N.W.

9    Washington, D.C.   20036

10   (202) 659-8680

11

12   On behalf of Defendant:

13   D. STEPHENSON SCHWINN, ESQUIRE

14   SARA A. ALLENSON, ESQUIRE

15   Jordan Coyne & Savits, LLP

16   1100 Connecticut Avenue, N.W.

17   Washington, D.C.   20036

18   (202) 496-2836

19

20

21

22

**Capital Reporting Company**

Page 4

```
 1                P R O C E E D I N G S
 2        WHEREUPON,
 3                 DAVID WALTER MAGGI
 4   called as a witness, having been duly sworn, was
 5   examined and testified as follows:
 6        EXAMINATION BY COUNSEL FOR PLAINTIFF
 7   BY MR. CAMMARATA:
 8        Q    Tell me your full name, please?
 9        A    David Walter Maggi.
10        Q    What's your home and business address?
11        A    Business and home address are the same.
12   It's 11020 Renner Road.  That's R-E-N-N-E-R.
13        Q    Where is it?
14        A    In Woodsboro, Maryland, 21798.
15        Q    Have you ever had your deposition taken
16   before?
17        A    No.
18        Q    Okay.  This is an opportunity for me to ask
19   you questions about various matters.  You're under
20   oath.  I would ask that any response you give make it a
21   verbal one, so that the Court Reporter, the woman
22   that's sitting to your right and my left, can take down
```

**Capital Reporting Company**

Page 12

```
 1   he was unavailable.  We're both in the same branch, the
 2   hospital branch manager, so I'm not sure -- I can't
 3   recall why the other senior rep wasn't available.
 4         Q    Who was the other senior rep?
 5         A    His name was Bill Hamilton.
 6         Q    It was his responsibility -- he had the
 7   responsibility over the service reps that were at
 8   Howard at the time; is that right?
 9         A    Yes.
10         Q    And one such service rep was this Albert
11   Adams; is that right?
12         A    Yes.
13         Q    Now, the -- did you make your way down to
14   Howard on the 29th of August?
15         A    Yes.
16         Q    And who was there with you?
17         A    I met Dave Clauss and -- I believe Albert
18   was there also.
19         Q    Okay.  Was there anyone from Howard there?
20         A    Yes.  A gentleman met us, I don't recall his
21   name.
22         Q    To prepare for this deposition today, did
```

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHANGELO SCRUGGS          :
                            :
    Plaintiff,              :
                            :
v.                          :Civil Action No. 1:07-cv2255
                            :Judge John D. Bates
GETINGE USA, INC.           :
                            :
    Defendant.              :
_____ :

## ORDER

UPON CONSIDERATION of Defendant's Motion to Extend Deadline for Filing Expert Witness Designation Statement and Plaintiff's Opposition, In Part, thereto, it is, this _____ day of _____, 2008, hereby,

**ORDERED**, that Defendant's Motion be, and the same hereby is, **DENIED** with respect to any extension of time to provide a report by William H. Daley, and is **GRANTED** in all other respects; and it is further

**ORDERED**, that Plaintiff shall have until September 2, 2008 to identify rebuttal witnesses.

                                    _____
                                    Judge John D. Bates

cc:  Joseph Cammarata, Esquire
     1232 17th Street, N.W.
     Washington, D.C. 20036

     D. Stephenson Schwinn, Esquire
     100 Connecticut Ave., N.W., Ste. 600
     Washington, D.C. 20036