UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MICHANGELO SCRUGGS,           :
                              :
    Plaintiff,                :
                              :    Case No.: 1:07-cv-02255 JDB
v.                            :
                              :
GETINGE USA, INC.,            :
                              :
    Defendant.                :
_____:

### DEFENDANT'S REPLY TO PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO EXTEND DEADLINE FOR FILING EXPERT WITNESS DESIGNATION STATEMENT

    The only expert for which the Plaintiff now objects to an extension is Defendant's engineering expert William Daley. As grounds for its opposition, Plaintiff claims that the Defendant has failed to establish "good cause" and has not indicated when Mr. Daley's report will be provided. As demonstrated below there is good cause for the delay and a report is expected by August 29, 2008. Plaintiff will not suffer any prejudice if the relief requested by the Defendant is granted, nor does Plaintiff allege that he will suffer any such prejudice.

    The Defendant has established good cause for requiring the extension. Mr. William Daley was unable to meet the August 14, 2008 deadline for filing expert reports due to the press of other matters. Mr. Daley's schedule for the month of August was particularly full with a variety of site inspections, engineering reports, and a planned vacation on his calendar. This was further complicated by the timing of discovery. The Defendant acquired information in July that there were additional surgical lamps at Howard University Hospital that were installed in the same improper manner as the lamp in question and that another surgical lamp at Howard University

Hospital had live wires exposed that presented a risk of electrocution. Additionally, the parties had difficulty setting dates for the depositions of Howard University Hospital which did not begin until July 15, 2008, and remain open today. Once the deposition transcripts arrived, Mr. Daley had very little time to finalize his opinions and report and was unable to meet the deadline. Mr. Daley and Defendant worked diligently to meet the deadline right up to August 14, 2008 and filed the motion for extension on that date once it became apparent that a few additional days were necessary.

Plaintiff's argument that the Defendant failed to indicate when expert reports would be provided is incorrect. In its motion, Defendant states that expert reports will be provided to the Plaintiff upon receipt by the Defendant on or before August 29, 2008. Defendant expects to receive Mr. Daley's report by then.

Neither Plaintiff nor the Court will incur prejudice by the extension of this deadline. Plaintiff has already received the bulk of the expert materials and will have received any remaining information at least two weeks before the mediation scheduled in this matter. The parties have already agreed that they will not conduct the deposition of any expert until after the mediation. The trial date has not yet been set. Plaintiff never even alleges that he will be prejudiced by a short extension of time to file a report from Mr. Daley.

Failure to grant the Defendant's extension in full will result in extreme prejudice and hardship for the Defendant. The engineering experts, including William Daley, are the only experts who will be testifying as to liability and are therefore critical to the case. The Plaintiff knew that the Defendant was planning to call William Daley as an engineering expert on or before August 14, 2008. Defendant disclosed his identity and the subject matter of his opinion with the request for an extension.

Wherefore, the Defendant respectfully requests that the Court issue an Order granting its Motion to Extend Deadline for Filing Expert Witness Designation Statement with regard to all experts and allow Plaintiff an Extension to identify its rebuttal witnesses beyond September 2, 2008 so that Plaintiff has ample time to reply to the opinion of Expert William Daley.

Respectfully Submitted,

**JORDAN, COYNE & SAVITS, L.L.P.**

By: _____/s/_____
D. Stephenson Schwinn, #358835
1100 Connecticut Avenue, NW
Suite 600
Washington, DC 20036
(202)296-4747
Fax: (202)496-2800

Counsel for Defendant, Getinge USA, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the Defendant's foregoing Reply to Plaintiff's Partial Opposition to Defendant's Motion to Extend Deadline for Filing Expert Witness Designation Statement, was filed electronically and mailed, first class and postage prepaid this 25th day of August, 2008, to:

> Joseph Cammarata, Esquire
> Chaikin, Sherman, Cammarata, & Siegel
> The Law Building
> 1232 17th Street, N.W.
> Washington, D.C. 20036

_____/s/_____
D. Stephenson Schwinn