THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHANGELO SCRUGGS          :
                           :
    Plaintiff,            :
                           :
v.                         :    Civil Action No. 1:07-cv-2255
                           :    Judge John D. Bates
GETINGE USA, INC.          :
                           :
    Defendant.            :
_____:

## PLAINTIFF'S CONSENT MOTION FOR LEAVE TO AMEND COMPLAINT

    Plaintiff, Michangelo Scruggs, by and through his counsel, Joseph Cammarata, Esquire, Kiran Sharma, Esquire, and the law firm of Chaikin, Sherman, Cammarata & Siegel, P.C., pursuant to Federal Rule of Civil Procedure 15 and Local Rule 15.1, with the consent of Defendant Getinge USA, Inc., hereby moves this Court for an Order permitting amendment of Plaintiff's Complaint.  In support thereof, Plaintiff states:

    1.   On August 29, 2007, the date of the incident at issue, Plaintiff Michangelo Scruggs was employed with Howard University Hospital in Washington, D.C. as a podiatrist.  On that date, Plaintiff was in surgery and was about to operate on a patient when an operating room lamp, situated directly above him, fell from the ceiling and struck him on the head.  As a result of the incident, Plaintiff has suffered, _inter alia_, severe permanent injuries, with resultant economic loss.

2.    On June 6, 2008, Plaintiff provided Defendant, Getinge USA, Inc., with a report of Norman Johanson, mechanical engineer, which detailed the negligent acts and omissions of Defendant Getinge USA, Inc., with respect to the operating room light fixture at issue.  Plaintiff also provided Defendant, Getinge USA, Inc. with an economic loss report prepared by Dr. Richard Lurito concerning Plaintiff.

3.    Plaintiff now seeks leave to amend the Complaint to increase the amount of the *ad damnum* clause from Two Million Dollars (2,000,000.00) to Five Million Dollars ($5,000,000.00) and to be certain that all negligent acts or omissions indentified by Mr. Johanson are set forth in the Complaint. Pursuant to Local Rule 15.1, Plaintiff's Amended Complaint is attached hereto as <u>Exhibit A</u>.

4.    Discovery is ongoing.  Defendant has identified its experts, including a mechanical engineer.  Further, the parties have agreed to engage in mediation before the Honorable John Facciola on September 12, 2008.

5.    Federal Rule of Civil Procedure 15 provides, in relevant part, that "leave [of Court to amend] should be freely given when justice so requires."  Justice requires that Plaintiff be permitted to amend the Complaint to assure that the

2

*ad damnum* clause reflects an amount of damages which takes into account the economic loss sustained by Plaintiff and all other injuries and damages suffered by Plaintiff.  Further, justice requires that the Plaintiff be permitted to assert all theories of liability against Defendant Getinge USA, Inc.  As set forth in paragraph 4, Defendant will not be prejudiced by the amendment as discovery is on-going, and Defendant has identified experts which rebut the claims asserted by the Plaintiff. Further, there will be no delay in the proceedings in the case.

      6.    As noted, Defendant Getinge consents to the Motion for Leave to Amend.

      WHEREFORE, Plaintiff respectfully requests that his Motion be granted.

Respectfully submitted,

**CHAIKIN, SHERMAN, CAMMARATA &
   SIEGEL P.C.**

/s/Joseph Cammarata/
Joseph Cammarata, Esquire
D.C. Bar No. 389254
Kiran Sharma, Esquire
D.C. Bar No. 495077
The Law Building
1232 17th Street, N.W.
Washington, D.C. 20036
Tel: 202-659-8600
Fax: 202-659-8680
joe@dc-law.net
Sharma@dc-law.net
*Attorneys for Plaintiff*

3

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff's Motion for Leave to Amend Complaint was electronically e-filed and e-served, this <u>3rd</u> day of <u>September</u> <u>2008</u>, to:

D. Stephen Schwinn, Esquire
JORDAN, COYNE & SAVITS, LLP
1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C.  20036


/s/Joseph Cammarata/
Joseph Cammarata

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHANGELO SCRUGGS          :
                            :
    **Plaintiff,**          :
                            :
v.                          : **Civil Action No. 1:07-cv-2255**
                            : **Judge John D. Bates**
GETINGE USA, INC.           :
                            :
    **Defendant.**          :
                            :
_____:

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Michangelo Scruggs, by and through his attorneys, Joseph Cammarata, Esquire, Kiran Sharma, Esquire, and the law firm of Chaikin, Sherman, Cammarata & Siegel, P.C., and respectfully states as follows:

### COUNT I
### (Negligence)

1.   Plaintiff is a citizen of the District of Columbia, and Defendant Getinge USA, Inc. (hereinafter "Getinge") is a corporation incorporated under the laws of the State of Delaware having its principal place of business in a state other than the District of Columbia.  The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.  The incident complained of herein occurred in the District of Columbia.

2.   Defendant Getinge USA, Inc. is the successor to MDT Corporation (hereinafter "MDT") and/or Castle (hereinafter



PLAINTIFF'S
EXHIBIT

"Castle") and/or MDT Castle. As successor, Defendant Getinge is liable, and has accepted liability, for any acts or omissions of these entities. All acts or omissions of Defendant Getinge as set forth herein are either those of MDT Corporation, Castle, MDT Castle and/or Defendant Getinge, and are referred to herein as the acts or omissions of Defendant Getinge.

3.    Upon information and belief, at all times relevant herein, Defendant Getinge was a corporation which inter alia, designed, manufactured, assembled, marketed, distributed, installed, maintained and/or serviced operating room light fixtures, including but not limited to the operating room light fixture at issue herein, which injured the Plaintiff, Michangelo Scruggs. Upon information and belief, Defendant Getinge, also did business in and obtained substantial revenue from the sale, installation, maintenance and/or service of said light fixtures in Washington, D.C.

4.    On or about August 29, 2006, at approximately 8:20 a.m., Plaintiff was at work as a podiatrist at Howard University Hospital located at 2042 Georgia Avenue, N.W. Washington, DC, 20060. He was in surgery about to operate on a patient.

2

5.   On that date and time, Plaintiff readjusted an operating room light fixture, which was situated directly above him, and it subsequently fell from the ceiling and violently struck Plaintiff on the head.   The force of the operating room light fixture falling out of the ceiling caused Plaintiff to suffer among other injuries, a closed head injury with cognitive impairments.

6.   Defendant    Getinge    designed,    manufactured, installed,   maintained  and/or  serviced  the  operating  room light  fixture  that  injured  the  Plaintiff,  and  Defendant Getinge  had  a  duty  to  do  so  in  a  reasonable  and  prudent manner.

7.   The  Defendant  breached  its  duty  to  Plaintiff  in that,  inter  alia,  the  operating  room  light  fixture  at  issue was  sold  in  a  defective  condition,  unreasonably  dangerous  to the  consumer  or  user,  to  include  a  failure  to  have  an adequate  design  which  did  not  require  field  preparation  and assembly  to  install  a  safety  device  on  the  light  fixture  so as  to  prevent  it  from  falling  out  of  the  ceiling;  the installation  manual  instructions  for  the  operating  room  light fixture  failed  to  provide  proper  hazard  warnings  and instructions;   the  operating  room  light  fixture  at  issue failed  to  provide  warnings  or  instructional  labels  or  other markings  directly  on  the  operating  room  light  fixture  at

issue;   the  operating  room  light  fixture  at  issue  was defectively  and  improperly  installed  without  a  pin  or  other mechanism  to  prevent  it  from  falling  out  of  the  ceiling;  the operating  room  light  fixture  was  not  properly  maintained  or serviced  so  as  to  identify  or  remedy  foreseeable  safety hazards.

8.  The  operating  room  light  fixture  at  issue  was  one which  Defendant  Getinge  expected  to  and  did  reach  the Plaintiff  user  without  any  substantial  change  from  the condition  in  which  it  was  designed,  sold  and/or  installed.

9.  The  negligent  defect  in  the  operating  room  light fixture  that  caused  the  light  to  fall  directly  on  the Plaintiff  and  the  negligent  manner  in  which  it  was  designed, installed,  maintained  and/or  serviced  was  a  direct  and proximate  cause  of  Plaintiff's  injuries.

10.  At  no  time  was  Plaintiff  contributorily  negligent.

11.  As  a  direct  and  proximate  result  of  the  Defendant's aforesaid  negligence,  Plaintiff  Michangelo  Scruggs  suffered injuries  and  damages,  including,  but  not  limited  to:  a  closed head  injury  with  cognitive  impairments,  post  traumatic headaches,  dizziness  and  blurred  vision,  a  herniated  disc  at L5-S1,  contusion  to  the  right  eye,  cervical,  trapezius  and lumbar  strain,  and  temporomandibular  joint  disorder;  he  has incurred,  and  will  continue  to  incur,  medical  and  hospital

4

expenses in an effort to care for his injuries; he has suffered, and will in the future suffer, a loss of earnings and earning capacity; and has suffered and will in the future continue to suffer, great pain of body and mind; all of which may be permanent in nature.

WHEREFORE Plaintiff Michangelo Scruggs, demands judgment from Defendant Getinge USA, Inc. in the full amount of Five Million Dollars ($5,000,000.00) plus prejudgment interest and costs.

## COUNT II
### (Breach of Express and Implied Warranty)

Plaintiff repleads and incorporates, by reference herein, each and every allegation set forth above and further states as follows:

12. At all relevant times herein, Getinge, acting by and through its agents, servants, and/or employees, designed, marketed, sold, and/or otherwise distributed operating room light fixtures, including but not limited to the operating room light fixture at issue, for the ordinary and intended purpose of providing light to Plaintiff during a surgical procedure, and those similarly situated.

13. The operating room light fixture at issue was hazardous to consumers and to members of the general public

5

as set forth above and was defective and unfit for its ordinary and intended purpose.

14.    The operating room lamp at issue was designed, marketed, sold, distributed, installed, maintained and/or serviced by Defendant Getinge in this unreasonably dangerous and defective condition and/or without removing the safety hazard, as set forth above.

15.    Due to the unreasonably dangerous and defective condition of the operating room light fixture at issue, a substantial risk of harm existed to those who, like Plaintiff Michangelo Scruggs, were reasonably expected to use and/or be exposed to or affected by the light fixture.

16.    Plaintiff Michangelo Scruggs neither knew nor should have known of any dangers or defects existing in the operating room light fixture at issue prior to his injury.

17.    At all relevant times herein, Defendant Getinge, acting by and through its agents, servants and/or employees, expressly and/or impliedly warranted that the operating room light fixture at issue, was both merchantable and reasonably fit and suitable for its intended and ordinary purpose.

18.    Defendant Getinge acting by and through its agents, servants and/or employees, breached its express and/or implied warranties by designing, manufacturing, assembling, marketing, selling, otherwise distributing,

installing, maintaining and/or servicing the operating room light fixture at issue in an unreasonably dangerous and defective condition, as set forth above.

19. As a direct and proximate result of the Defendant's breach of warranties, Plaintiff was injured and damaged as set forth above.

WHEREFORE Plaintiff Michangelo Scruggs, demands judgment from Defendant Getinge USA, Inc. in the full amount of Five Million Dollars ($5,000,000.00), plus pre-judgment interest and costs.

Respectfully submitted,

**CHAIKIN, SHERMAN, CAMMARATA & SIEGEL P.C.**

/s/Joseph Cammarata/
Joseph Cammarata, Esquire
D.C. Bar No. 389254
Kiran Sharma, Esquire
D.C. Bar No. 495077
The Law Building
1232 17th Street, N.W.
Washington, D.C. 20036
Tel: 202-659-8600
Fax: 202-659-8680
joe@dc-law.net
Sharma@dc-law.net
*Attorneys for Plaintiff*

### JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues triable herein.

/s/Joseph Cammarata/
Joseph Cammarata

7

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHANGELO SCRUGGS                  :
                                    :
       Plaintiff,                   :
                                    :
v.                                  :Civil Action No. 1:07-cv2255
                                    :Judge John D. Bates
GETINGE USA, INC.                   :
                                    :
       Defendant.                   :
_____:

## ORDER

Upon consideration of Plaintiff's Consent Motion For Leave To Amend Complaint, it is this _____ of _____, 2008,

**ORDERED** that, Plaintiff's Consent Motion For Leave To Amend The Complaint is **GRANTED**; and it is further

**ORDERED** that, Plaintiff's Amended Complaint shall be deemed filed and served by mail on the date which this Order is entered.

_____
Judge John D. Bates
U.S. District Court
for the District of Columbia

Copies to:

Joseph Cammarata, Esquire
Kiran Sharma, Esquire
CHAIKIN, SHERMAN, CAMMARATA & SIEGEL
The Law Building
1232 17th Street, N.W.
Washington, D.C. 20036

D. Stephen Schwinn, Esquire
JORDAN, COYNE & SAVITS, LLP
1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C.  20036