THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHANGELO SCRUGGS       :
                         :
    Plaintiff,           :
                         :
v.                       :  Civil Action No. 1:07-cv-2255
                         :  Judge John D. Bates
GETINGE USA, INC.        :
                         :
    Defendant.           :
                         :

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Michangelo Scruggs, by and through his attorneys, Joseph Cammarata, Esquire, Kiran Sharma, Esquire, and the law firm of Chaikin, Sherman, Cammarata & Siegel, P.C., and respectfully states as follows:

### COUNT I
### (Negligence)

1.  Plaintiff is a citizen of the District of Columbia, and Defendant Getinge USA, Inc. (hereinafter "Getinge") is a corporation incorporated under the laws of the State of Delaware having its principal place of business in a state other than the District of Columbia. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332. The incident complained of herein occurred in the District of Columbia.

2.  Defendant Getinge USA, Inc. is the successor to MDT Corporation (hereinafter "MDT") and/or Castle (hereinafter


PLAINTIFF'S EXHIBIT

"Castle") and/or MDT Castle. As successor, Defendant Getinge is liable, and has accepted liability, for any acts or omissions of these entities. All acts or omissions of Defendant Getinge as set forth herein are either those of MDT Corporation, Castle, MDT Castle and/or Defendant Getinge, and are referred to herein as the acts or omissions of Defendant Getinge.

3. Upon information and belief, at all times relevant herein, Defendant Getinge was a corporation which <u>inter alia</u>, designed, manufactured, assembled, marketed, distributed, installed, maintained and/or serviced operating room light fixtures, including but not limited to the operating room light fixture at issue herein, which injured the Plaintiff, Michangelo Scruggs. Upon information and belief, Defendant Getinge, also did business in and obtained substantial revenue from the sale, installation, maintenance and/or service of said light fixtures in Washington, D.C.

4. On or about August 29, 2006, at approximately 8:20 a.m., Plaintiff was at work as a podiatrist at Howard University Hospital located at 2042 Georgia Avenue, N.W. Washington, DC, 20060. He was in surgery about to operate on a patient.

5. On that date and time, Plaintiff readjusted an operating room light fixture, which was situated directly above him, and it subsequently fell from the ceiling and violently struck Plaintiff on the head. The force of the operating room light fixture falling out of the ceiling caused Plaintiff to suffer among other injuries, a closed head injury with cognitive impairments.

6. Defendant Getinge designed, manufactured, installed, maintained and/or serviced the operating room light fixture that injured the Plaintiff, and Defendant Getinge had a duty to do so in a reasonable and prudent manner.

7. The Defendant breached its duty to Plaintiff in that, <u>inter alia</u>, the operating room light fixture at issue was sold in a defective condition, unreasonably dangerous to the consumer or user, to include a failure to have an adequate design which did not require field preparation and assembly to install a safety device on the light fixture so as to prevent it from falling out of the ceiling; the installation manual instructions for the operating room light fixture failed to provide proper hazard warnings and instructions; the operating room light fixture at issue failed to provide warnings or instructional labels or other markings directly on the operating room light fixture at

issue; the operating room light fixture at issue was defectively and improperly installed without a pin or other mechanism to prevent it from falling out of the ceiling; the operating room light fixture was not properly maintained or serviced so as to identify or remedy foreseeable safety hazards.

8. The operating room light fixture at issue was one which Defendant Getinge expected to and did reach the Plaintiff user without any substantial change from the condition in which it was designed, sold and/or installed.

9. The negligent defect in the operating room light fixture that caused the light to fall directly on the Plaintiff and the negligent manner in which it was designed, installed, maintained and/or serviced was a direct and proximate cause of Plaintiff's injuries.

10. At no time was Plaintiff contributorily negligent.

11. As a direct and proximate result of the Defendant's aforesaid negligence, Plaintiff Michangelo Scruggs suffered injuries and damages, including, but not limited to: a closed head injury with cognitive impairments, post traumatic headaches, dizziness and blurred vision, a herniated disc at L5-S1, contusion to the right eye, cervical, trapezius and lumbar strain, and temporomandibular joint disorder; he has incurred, and will continue to incur, medical and hospital

expenses in an effort to care for his injuries; he has suffered, and will in the future suffer, a loss of earnings and earning capacity; and has suffered and will in the future continue to suffer, great pain of body and mind; all of which may be permanent in nature.

WHEREFORE Plaintiff Michangelo Scruggs, demands judgment from Defendant Getinge USA, Inc. in the full amount of Five Million Dollars ($5,000,000.00) plus prejudgment interest and costs.

### COUNT II
**(Breach of Express and Implied Warranty)**

Plaintiff repleads and incorporates, by reference herein, each and every allegation set forth above and further states as follows:

12.  At all relevant times herein, Getinge, acting by and through its agents, servants, and/or employees, designed, marketed, sold, and/or otherwise distributed operating room light fixtures, including but not limited to the operating room light fixture at issue, for the ordinary and intended purpose of providing light to Plaintiff during a surgical procedure, and those similarly situated.

13.  The operating room light fixture at issue was hazardous to consumers and to members of the general public

as set forth above and was defective and unfit for its ordinary and intended purpose.

14. The operating room lamp at issue was designed, marketed, sold, distributed, installed, maintained and/or serviced by Defendant Getinge in this unreasonably dangerous and defective condition and/or without removing the safety hazard, as set forth above.

15. Due to the unreasonably dangerous and defective condition of the operating room light fixture at issue, a substantial risk of harm existed to those who, like Plaintiff Michangelo Scruggs, were reasonably expected to use and/or be exposed to or affected by the light fixture.

16. Plaintiff Michangelo Scruggs neither knew nor should have known of any dangers or defects existing in the operating room light fixture at issue prior to his injury.

17. At all relevant times herein, Defendant Getinge, acting by and through its agents, servants and/or employees, expressly and/or impliedly warranted that the operating room light fixture at issue, was both merchantable and reasonably fit and suitable for its intended and ordinary purpose.

18. Defendant Getinge acting by and through its agents, servants and/or employees, breached its express and/or implied warranties by designing, manufacturing, assembling, marketing, selling, otherwise distributing,

installing, maintaining and/or servicing the operating room light fixture at issue in an unreasonably dangerous and defective condition, as set forth above.

19. As a direct and proximate result of the Defendant's breach of warranties, Plaintiff was injured and damaged as set forth above.

WHEREFORE Plaintiff Michangelo Scruggs, demands judgment from Defendant Getinge USA, Inc. in the full amount of Five Million Dollars ($5,000,000.00), plus pre-judgment interest and costs.

Respectfully submitted,

**CHAIKIN, SHERMAN, CAMMARATA & SIEGEL P.C.**

/s/Joseph Cammarata/
Joseph Cammarata, Esquire
D.C. Bar No. 389254
Kiran Sharma, Esquire
D.C. Bar No. 495077
The Law Building
1232 17th Street, N.W.
Washington, D.C. 20036
Tel: 202-659-8600
Fax: 202-659-8680
joe@dc-law.net
Sharma@dc-law.net
*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff hereby requests a trial by jury as to all issues triable herein.

/s/Joseph Cammarata/
Joseph Cammarata

7

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHANGELO SCRUGGS              :
                                :
    Plaintiff,                  :
                                :
v.                              :Civil Action No. 1:07-cv2255
                                :Judge John D. Bates
GETINGE USA, INC.               :
                                :
    Defendant.                  :
                                :

### ORDER

Upon consideration of Plaintiff's Consent Motion For Leave To Amend Complaint, it is this _____ of _____, 2008,

**ORDERED** that, Plaintiff's Consent Motion For Leave To Amend The Complaint is **GRANTED**; and it is further

**ORDERED** that, Plaintiff's Amended Complaint shall be deemed filed and served by mail on the date which this Order is entered.

_____
Judge John D. Bates
U.S. District Court
for the District of Columbia